**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMANTHA MARIEL AMPARO-GOMEZ, | No. 19-72839 |
| Petitioner, | Agency No. A201-683-138 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2020**
Pasadena, California

Before: LINN,*** RAWLINSON, and FORREST, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Petitioner Samantha Amparo-Gomez (Amparo-Gomez), a citizen of Mexico, petitions for review of the decision of the immigration judge (IJ) affirming an asylum officer's negative reasonable fear determination in reinstatement of removal proceedings.[1]

Congress has authorized the expedited removal of undocumented immigrants who have "reentered the United States illegally after having been removed under an order of removal." *Bartolome v. Sessions*, 904 F.3d 803, 808 (9th Cir. 2018) (citation and alteration omitted). Nevertheless, one subject to expedited removal may request withholding of removal. *See id.; see also Gomez-Velazco v. Sessions*, 879 F.3d 989, 992 (9th Cir. 2018). An applicant for withholding of removal must establish that government forces either directly persecuted Petitioner or were unable or unwilling to control private persecutors. *See J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020).

Substantial evidence supports the IJ's determination that the Mexican government is willing to protect victims of domestic violence. *See Bartolome*, 904 F.3d at 811 (applying the substantial evidence standard). The IJ noted that the 2018 Country Report for Mexico reflected that the Special Prosecutor's Office for

---

[1]Petitioner waived review of her Convention Against Torture (CAT) claim by failing to assert it in her Opening Brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Violence against Women and Trafficking in Persons leads government programs to combat domestic violence. The office had thirty prosecutors, nine of whom were exclusively dedicated to federal cases involving violence against women. Accordingly, resolution of this case turns on the Mexican government's ability to control domestic violence. *See J.R.*, 975 F.3d at 782 ("In other words, the question on this step is whether the government both 'could and would provide protection.'") (citation and emphasis omitted).

Substantial evidence also supports the IJ's conclusion that the Mexican government possesses the ability to combat domestic violence. This case, therefore, can be distinguished from *J.R.*. Unlike in *J.R.*, the Mexican government never offered and subsequently withdrew protection. Indeed, Amparo-Gomez did not seek protection. *Cf. id.* at 783 (concluding that "[h]ad the government been willing to continue to provide effective protection, [Petitioner] would have lacked a viable claim, for the government would have been both willing and able to protect him.").

Petitioner's assertion that reporting her harm would have been futile is unavailing given the resources devoted by the Mexican government to combatting domestic violence. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (rejecting a similar argument).

3

In sum, the evidence does not compel us to reach a conclusion contrary to the IJ's finding that the Mexican government is willing and able to control domestic violence. *See Bartolome*, 904 F.3d at 811 (holding that "we must uphold the IJ's conclusion . . . unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary.") (citation and internal quotation marks omitted).[2]

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal, filed on November 8, 2019, is otherwise denied.

**PETITION DENIED.**

---

[2]Having determined that substantial evidence supports the IJ's decision that Petitioner failed to establish that the Mexican government is unable or unwilling to protect her, we need not address any remaining issues. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach. . . .") (citations omitted).